IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | |
|---|---|
| GERALD A. WILMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 03-1148-KAJ |
| | ) |
| THOMAS CARROLL, Warden, and M. JANE BRADY, Attorney General of the State of Delaware, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

———  ———  ———

Gerald A. Wilmer. *Pro se* Petitioner.

Elizabeth R. McFarlan, Esq., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

———  ———  ———

December 8, 2005
Wilmington, Delaware


Jordan, District Judge

## I. INTRODUCTION

Petitioner Gerald A. Wilmer ("Wilmer") is an inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Before me is Wilmer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, I will dismiss Wilmer's § 2254 petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 1997, a Delaware Superior Court jury found Wilmer guilty of first degree unlawful sexual intercourse with a seventeen year old, mentally handicapped girl. *State v. Wilmer*, 2003 WL 751181, *1 (Del. Super. Ct. Feb. 28, 2003) (amended Mar. 12, 2003). On September 12, 1997, the Superior Court sentenced Wilmer to thirty years of Level V incarceration (fifteen of which were mandatory), suspended after twenty-five years for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed Wilmer's conviction and sentence on March 6, 1998. *Wilmer v. State*, 1998 WL 123200 (Del. Mar. 6, 1998).

In October 1998, Wilmer filed in this Court a habeas petition under 28 U.S.C. § 2254, alleging ineffective assistance of counsel and prosecutorial misconduct. The Honorable Roderick M. McKelvie dismissed Wilmer's petition for failure to exhaust available state remedies. *Wilmer v. Snyder*, Civ. Act. No. 98-652-RRM (D. Del. June 14, 1999).

In March 2001, Wilmer, represented by counsel, filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). His Rule 61 motion asserted that his trial counsel had provided constitutionally defective assistance of counsel. The Superior Court held an evidentiary hearing, and then denied the Rule 61 motion in April 2002. (D.I. 20, Del. Super. Ct. Crim. Dkt. for *State v. Wilmer*, Cr. A. No. IN97071249, Nos. 72, 77.) The record reveals that Wilmer did not appeal that decision.

On May 14, 2002, Wilmer, acting *pro se*, filed a second Rule 61 motion, this time asserting new claims as well as alleging that post-conviction counsel for his first Rule 61 motion had been ineffective. The Superior Court dismissed the new claims as procedurally barred and denied the ineffective assistance of counsel claim as meritless. *State v. Wilmer*, 2003 WL 751181, at *5 (Del. Super. Ct. Mar. 12, 2003). Wilmer appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Wilmer v. State*, 2003 WL 21519871 (Del. July 3, 2003).

In December 2003, Wilmer filed in this Court a form § 2254 petition and supporting memorandum asserting seven claims: (1) vindictive prosecution and prosecutorial misconduct; (2) judicial misconduct; (3) perjured testimony; (4) double jeopardy; (5) ineffective assistance of trial counsel; (6) ineffective assistance of post-conviction counsel; and (7) improper denial of his post-conviction motion. (D.I. 2; D.I. 3.)

The State moves the Court to dismiss Wilmer's § 2254 petition as untimely. Alternatively, the State contends that the entire petition is barred from habeas review due to Wilmer's procedural default of his claims at the state court level. (D.I. 16.)

Wilmer filed a Reply to the State's Answer, asserting that he was unaware of his potential claims until he started to represent himself. (D.I. 21.) He also argues that the State's Answer should have addressed the merits of his claims.

Wilmer's § 2254 petition is now ready for review.

### III. DISCUSSION

#### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after that date must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Wilmer's § 2254 petition, dated December 11, 2003, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. He does not

3

allege, nor can I discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Wilmer's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Wilmer's conviction and sentence on March 6, 1998, and the ninety-day period expired on June 4, 1998. Thus, Wilmer's conviction became final on June 5, 1998, and to be timely, he was required to file a § 2254 petition by June 5, 1999. *See Wilson v. Beard,* - F.3d -, 2005 WL 2559716, at *8 (3rd Cir. Oct. 13, 2005) (holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period); *see, e.g., Harris v. Snyder,* 2002 WL 47895 (D. Del. Jan. 11, 2002).

Wilmer, however, did not file the instant habeas petition until December 11, 2003.[1] Therefore, his habeas petition is time-barred and should be dismissed, unless the time-period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d

---

[1] A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). Wilmer's petition is dated December 11, 2003, and presumably, he could not have delivered it to prison officials for mailing any earlier than that date. Therefore, I adopt December 11, 2003 as the filing date.

4

153, 158 (3d Cir. 1999). As discussed below, neither of those tolling doctrines is availing for Wilmer.

## B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the time the action is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Procedural requirements include the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*; *Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003).

Here, Wilmer filed a Rule 61 motion in the Superior Court on March 6, 2001. Although the Rule 61 motion was timely filed under Delaware law, it has no tolling effect on his federal habeas petition because he filed it approximately two years after the expiration of AEDPA's limitations period.

Additionally, Wilmer's first federal habeas petition, filed in this Court on October 9, 1998, does not statutorily toll the limitations period. Section 2244(d)(2) applies only to state post-conviction proceedings, not federal habeas applications. *Duncan v.*

5

*Walker*, 533 U.S. 167, 173-81 (2001) ("an application for federal habeas corpus is not an application for 'State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)); *Slutzker v. Johnson*, 393 F.3d 373, 382 (3d Cir. 2004).

I now turn to the issue of equitable tolling.

### C. Equitable Tolling

It is well-settled that AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999) (quoting *Midgley*, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Wilmer alleges that he was not aware of any potential habeas claims until he began to represent himself in his second Rule 61 proceeding. His lack of knowledge regarding potential claims, however, does not constitute an extraordinary circumstance because, presumably, if Wilmer had diligently followed the issues in his prior proceedings in state court, he would have been aware of any potential federal habeas claims. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("Mere excusable neglect is not sufficient" to trigger the equitable tolling doctrine).

Further, equitable tolling is not appropriate because Wilmer did not exercise due diligence in pursuing his claims. The Third Circuit has explained that the due diligence requirement "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [petitioner] is exhausting state remedies as well." *LaCava*, 398 F.3d at 277. Wilmer's first federal habeas petition was dismissed without prejudice for failure to exhaust state remedies on June 14, 1999, and he waited more than a year to file a Rule 61 motion in the Delaware Superior Court. To the extent Wilmer asserts his *pro se* status as a justification for the delay, *pro se* status, standing alone, does not justify Wilmer's failure to pursue his claims more diligently. *See Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir. 2005)(a petitioner's self-representation on direct appeal did not constitute extraordinary circumstance warranting the equitable tolling of AEDPA's limitations period, absent a showing of some causal connection between self-representation and the delay in filing a timely habeas petition); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993)("We have never suggested that

7

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

If, perhaps, Wilmer's failure to timely file the instant habeas petition was somehow due to a misunderstanding of the exhaustion requirement, this fact also would not excuse his failure to exercise due diligence. *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)(finding that a petitioner's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations."). Finally, to the extent Wilmer's failure to timely file the instant petition was due to a mistake in computing AEDPA's limitations period, such a mistake would not justify equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

Accordingly, I conclude that equitable tolling is not warranted in this case.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Wilmer's petition for habeas relief is time-barred. I do not believe reasonable jurists would find this conclusion to be unreasonable. Consequently, I decline to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Wilmer's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.